865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stanley L. GILCHRIST, Appellant,
v.
DEPARTMENT OF EDUCATION, et al.
 No. 88-5106.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed February 26, 1988, reversing the bankruptcy court's decision to discharge appellant's student loan debt to appellees, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant-Debtor Stanley Lawson Gilchrist is seeking relief under Chapter 7 of the Bankruptcy Code. On February 13, 1986, appellant filed an adversary action in the bankruptcy court against appellees, the Department of Education, State of Maryland, et al., to determine the dischargeability of his federally guaranteed student loan. On October 8, 1987, the bankruptcy court discharged the student loan. Appellees subsequently appealed that decision to the district court, and on February 26, 1988, the district court reversed the bankruptcy court's decision. For the reasons stated below, we affirm the district court's order.
 
 
 5
 Bankruptcy Code section 523(a)(8) excepts from discharge educational loans "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution." 11 U.S.C. Sec. 523(a)(8). Paragraph (B) of section 523(a)(8) permits the court to discharge a student loan not otherwise dischargeable, if "excepting such a debt from discharge ... will impose undue hardship on the debtor and the debtor's dependents...." 11 U.S.C. Sec. 523(a)(8)(B).
 
 
 6
 "Undue hardship" is not defined in the Bankruptcy Code. The language "undue hardship," however, indicates that the type of hardship involved in a particular circumstance must be significant. See In re Lezer, 21 B.R. 783, 787 (Bankr.N.D.N.Y.1982) (interpreting "undue hardship" to require exceptional circumstances before discharge is granted). See also Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 137, 93d Cong., 1st Sess. (1973), H.R.Rep. No. 95-595, 95th Cong., 1st Sess. (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787 (Student loans "should not as a matter of policy be discharged before [the debtor] has demonstrated that for any reason he is unable to earn sufficient income to maintain himself and his dependents and to repay the educational debt.").
 
 
 7
 In general, the debtor is denied discharge if he has present or future ability to repay his loan. See In re Andrews, 661 F.2d 702, 704 (8th Cir.1981); Matter of Osborn, 72 B.R. 691, 693 (Bankr.W.D.Mo.1987). See also In Re Erickson, 52 B.R. 154, 157 (Bankr.D.N.D.1985) (burden of proof on the issue of undue hardship rests with the debtor). Some courts require the debtor to show not only present or future inability to repay the loan, but also that the inability to pay is caused by extraordinary circumstances. See In re Brisco, 16 B.R. 128, 131 (Bankr.S.D.N.Y.1981); In re Archie, 7 B.R. 715, 718 (Bankr.E.D.Va.1980). Under either standard, the record demonstrates that appellant has failed to show that excepting his educational debt from discharge would impose "undue hardship."
 
 
 8
 The bankruptcy court concluded that "undue hardship" would result if the student loan were not discharged. The bankruptcy court found that appellant lacked sufficient resources to support himself at a subsistence level and had medical problems which contributed to his dismal financial situation. In determining that the student loan should be discharged, the bankruptcy court also noted that appellant demonstrated a willingness to work and there was no showing of negligence or irresponsibility in the handling of his financial affairs. The district court correctly ruled, however, that appellant's present circumstances do not demonstrate his inability to make future payments. Appellant is a graduate of the University of Maryland School of Law. Indeed, the student loan which appellant seeks to have discharged was applied to his law school tuition. See In re Packer, 9 B.R. 884, 887 (Bankr.D.Mass.1981) (policy considerations such as whether loan and education enhanced debtor's job prospect may be considered in determining the existence of "undue hardship").
 
 
 9
 Furthermore, the record indicates that appellant recently passed the Pennsylvania Bar Examination and has been admitted to practice in that jurisdiction. Although the bankruptcy court noted that appellant was suffering from chronic depression and undergoing therapy, appellant testified that he believed it would have no adverse effect on his future employability if he continued treatment. Thus, there is no indication that appellant's future prospects of significant employment are foreclosed. In addition, the bankruptcy court did not consider whether a flexible repayment schedule could be established.
 
 
 10
 In sum, we find no error with the district court's order reversing the bankruptcy court's decision to discharge appellant's student loan debt to appellees. Accordingly, the district court's order is affirmed.